UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEMAL ALBRITTON,

                       Plaintiff,

-against-

LAWRENCE FREDELLA, et al.,

                       Defendants.

22-CV-4512 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jemal Albritton, who is currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging that Defendants denied him parole in violation of his rights to due process and equal protection and denied him access to the courts. By order dated August 12, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court severs Plaintiff's claims against Defendants Mary Grace Sullivan and the John and Jane Doe defendants and directs the Clerk of Court to transfer those claims to the United States District Court for the Northern District of New York.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action alleging that Defendants conspired to deny him parole for arbitrary and impermissible reasons and hindered his right of access to the courts. He sues the following defendants: (1) Lawrence Fredella, a private attorney who was formerly employed as an Assistant District Attorney by the Kings County District Attorney's Office; (2) Tina M. Stanford, Chairwoman of the Board of Parole of the New York State Department of Corrections and Community Supervision (DOCCS); (3) Tyece Drake, Charles Davis, Tana Agostini, Ellen E. Alexander, and Erik Berliner, all Commissioners of DOCCS Board of Parole; (4) Mary Grace Sullivan, the Deputy Chief Clerk of the State of New York Albany County Supreme and County Courts; and (5) John and Jane Doe defendants, identified as employees of the Albany County Supreme and County Courts. Plaintiff seeks a preliminary injunction and restraining order and a permanent injunction prohibiting Defendants "from relying on and utilizing erroneous

information at any of [his] future appearance before the Board of Parole." (Complaint, ECF 2, at 13.) He also seeks monetary damages.

The following information is drawn from the complaint.[2] In 2004, Plaintiff was arrested in Kings County and charged with murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree. (*Id.* at 4.) At trial, Plaintiff asserted a justification defense, and the jury acquitted him of the murder and manslaughter charges, finding him guilty of weapon possession. (*Id.*) The Court sentenced Plaintiff as a persistent violent felony offender to 17 years to life of imprisonment. Petitioner was also sentenced to 3½ to 7 years of concurrent imprisonment for criminal possession of a forged instrument in the second degree, a term that had expired prior to his initial parole interview. The criminal charges of which Plaintiff was acquitted were sealed by the New York State Supreme Court, Kings County.

On September 8, 2020, Plaintiff appeared for a parole interview before the New York State Parole Board. (*Id.* at 4.) He then learned that, in 2007, Defendant Fredella had submitted a letter to the Parole Board relating to the murder and manslaughter charges of which he had been acquitted. (*Id.* at 4-5.) The Parole Board denied him parole "relying heavily upon erroneous information related to the Second Degree Murder and First Degree Manslaughter charges" of which Plaintiff had been acquitted. (*Id*. at 5.) Plaintiff filed an administrative appeal of the decision, which was denied on February 4, 2021.

---

[2] Plaintiff has attached to the complaint copies of the Parole Board's decisions, documents from his state-court action, copies of communications with the state court and other entities, and a copy of Fredella's January 31, 2007, letter.

In April 2021, Plaintiff filed an Article 78 proceeding in the Albany County Supreme Court – along with a poor person application and an unsigned order to show cause – seeking review of the Parole Board's decision. On May 10, 2021, he received a letter from Defendant Sullivan stating that he needed to file an authorization so that his petition could proceed. Plaintiff submitted the authorization. On May 27, 2021, the Albany County Supreme Court issued an order to show cause signed by Judge Justin Corcoran, directing Plaintiff to serve a copy of the signed order, the petition, exhibits, and supporting affidavits on the Parole Board and the Attorney General for the State of New York. Plaintiff contends, however, that he did not receive the signed order to show cause. Instead, on June 8, 2021, he received a package from the Albany County Supreme Court, which consisted of his poor person application with a request for judicial intervention (RJI), an index number form, his verified petition, an unsigned order to show cause, a notice of motion and supporting documentation, and an order dated May 27, 2021, denying his application for poor person status, which appeared to be a forgery. On June 11, 2021, Plaintiff sent a check to the Albany County Supreme Court along with the documents he had received.

In mid-June 2021, Plaintiff's mother called the state court to inquire about the case status. Someone in the clerk's office told her that Plaintiff had to serve copies of the documents the court had sent him on the Parole Board and the Attorney General. Plaintiff then mailed the documents with the unsigned order to show cause to the Parole Board and the Attorney General.

On or about August 17, 2021, the Attorney General filed a motion to dismiss the state court action for lack of subject matter jurisdiction because Plaintiff had failed to serve a copy of the executed order to show cause, petition, exhibits and supporting affidavits on the Parole Board and Attorney General as directed. It was then that Plaintiff learned about the May 27, 2021, executed order to show cause signed by Judge Corcoran, because it was attached as an exhibit to

4

the motion to dismiss. On October 21, 2021, Justice Christina Ryba granted the motion to dismiss, finding that Plaintiff had failed to "establish an excuse for his failure to comply with the service requirements set forth in the Order to Show Cause" and dismissing the petition for lack of jurisdiction. (ECF 2-2, at 4-6.) Plaintiff subsequently filed a notice of appeal of the decision.[3]

Plaintiff brings this action asserting the following: (1) Defendant Fredella unlawfully submitted the January 2007 letter to the Parole Board relating to charges that were sealed by the Kings County Supreme Court in retaliation for Plaintiff having exercised his right to a jury trial and being acquitted of the murder and manslaughter charges; (2) the Parole Board "entered into a wheel spoke and hub conspiracy" with Defendant Fredella and other defendants to violate Plaintiff's rights and impermissibly relied on erroneous information to deny him parole (*id*. at 3); (3) the Parole Board entered into a conspiracy with Defendant Fredella to deny Plaintiff equal protection because he is African-American; and (4) Defendant Sullivan and the John and Jane Doe defendants entered into a conspiracy with the Attorney General's Office "to hamper and impair Plaintiff's access to the [c]ourts and denied [him] [e]qual [p]rotection of the [l]aws solely because Plaintiff is African-American" (*id*. at 7).

## DISCUSSION

**A.   Severance of claims arising outside this District**

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not

---

[3] Plaintiff does not provide information concerning the status of his appeal of the order dismissing his state court petition.

pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Plaintiff brings claims against Defendant Fredella and members of the Parole Board arising from his September 20, 2020, parole interview, and the subsequent denial of parole. He also asserts claims against Defendant Sullivan and the John and Jane Doe defendants stemming from issues relating to the filing and adjudication of his Article 78 petition in the Albany County Supreme Court. These two groups of claims do not arise out of the same transaction, nor do they raise any common question of law or fact. His allegations arising from his interview and denial of parole are separate and distinct from his claims that Albany County Supreme Court employees denied him access to the courts and forged documents. Plaintiff's claims against the court employees will involve different witnesses and evidence than those required for Plaintiff's claims relating to the denial of parole. Joinder of these unrelated matters thus does not comport with Rule 20(a).

For these reasons, the Court concludes that severance of Plaintiff's claims arising from the filing and adjudication of his Article 78 petition in the Albany County Supreme Court is warranted. The Court therefore severs Plaintiff's claims against Defendant Sullivan and the John and Jane Doe defendants from this action.

**B.     Transfer of claims arising outside this District**

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The events giving rise to Plaintiff's claims against the court employees took place at the Albany County Supreme Court, located in Albany, New York, which falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Plaintiff alleges that Defendant Sullivan and the John and Jane Doe defendants involved in processing his Article 78 petition were all employed at the courthouse in Albany, New York. Venue for those claims therefore does not appear to be proper in this District under Section 1391(b)(1) or (2).

Even if venue is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer of the severed claim appears to be appropriate in this case. The underlying events concerning the processing of Plaintiff's Article 78 petition occurred at the Albany County Supreme Court, where the defendants associated with those claims are employed, and it is reasonable to expect that all relevant documents and witnesses also would be there. The Northern District of New York appears to be a more convenient forum for Plaintiff's claims arising from the processing of the Article 78 petition by the Albany County Supreme Court. Accordingly, the Court transfers the severed claims to the United States District Court for the Northern District of New York.[4] 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."). The Court will retain jurisdiction of Plaintiff's denial of parole claims.

## CONCLUSION

The Court severs, under Rule 21 of the Federal Rules of Civil Procedure, Plaintiff's claims against Defendants Sullivan and the Jane and John Doe defendants. The Clerk of Court is directed to transfer the severed claims, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York. Plaintiff's claims against the remaining defendants in connection with the denial of parole will proceed under this docket number.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *Cf. Coppedge*

---

[4] The Court does not make any ruling as to the sufficiency of the complaint with respect to the severed claims, leaving that determination for the Northern District of New York.

*v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 22, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge