**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JEMAL ALBRITTON,

                                        Plaintiff,

        v.                                                            1:22-CV-900
                                                                                 (MAD/DJS)

MARY GRACE SULLIVAN, *et al.*,

                                        Defendants.

**APPEARANCES:**

JEMAL ALBRITTON
Plaintiff, *Pro Se*
06-A-5348
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, New York 12788

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      This civil rights action was originally commenced in United States District Court for the Southern District of New York. That Court, pursuant to FED. R. CIV. P. 21, severed claims against Defendant Mary Grace Sullivan and two Doe Defendants and transferred those claims to this Court. Dkt. No. 10. The Complaint relates to state court proceedings initiated by Plaintiff following the denial of parole. Dkt. No. 2, Compl. Plaintiff's request

to proceed *in forma pauperis* was granted in the Southern District, Dkt. No. 9, but that Court specifically found that any determination regarding the legal sufficiency of the Complaint should be made in the Northern District. Dkt. No. 10 at p. 9 n.4. Upon consideration of the Complaint, the Court recommends that it be dismissed.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint,

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (explaining that section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Analysis of the Complaint

Plaintiff is in the custody of the Department of Corrections and Community Supervision. Compl. at ¶ 3. Plaintiff appeared before the Parole Board in September 2020 and was denied parole. *Id.* at ¶¶ 14-15. Plaintiff contends that this denial was the result of legal error and commenced state court proceedings to challenge it. *Id.* at ¶¶ 15-16. Defendant Sullivan is alleged to be the "Deputy Chief Clerk at the Albany County Supreme and County Courts." *Id.* at ¶ 8. The Doe Defendants are also alleged to be employees of the Clerk's Office. *Id.* at ¶ 9. Plaintiff alleges that Defendants entered into a conspiracy to hamper his access to state court and deny him his rights. *Id.* at ¶ 19. The gravamen of the Complaint relates to the processing of his paperwork, the mailing of

Court documents, and the ultimate assignment of his state court petition to a judge. *Id.* at ¶¶ 18, 23, & 25-26.

Courts have long recognized that judges enjoy absolute immunity from suit for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). "Judicial immunity has been extended to court clerks and others who perform functions closely associated with the judicial process when they are performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a court's calendar." *Kellier v. Ross*, 2022 WL 1292290, at *4 (S.D.N.Y. Apr. 29, 2022) (internal quotation omitted) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) and *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)).

Plaintiff's Complaint alleges that Defendants rejected Plaintiff's filing without basis, acted to assist the state court defendants in avoiding having to answer the petition, and improperly manipulated the judicial assignment of the case. *See* Compl. at ¶¶ 25-28. These allegations go to essential functions of court docket management. "A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity." *Rodriguez v. Weprin*, 116 F.3d at 66. For this reason, the Court recommends that the Complaint be dismissed on the basis of absolute immunity.

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Where, however, the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Here, further pleading cannot cure the immunity bar to Plaintiff's claim and so the Court recommends that it be dismissed with prejudice.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 7, 2022
      Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge