UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------

**JEMAL ALBRITTON,**

                              **Plaintiff,**

  vs.                                                    **1:22-CV-00900
(MAD/DJS)**

**MARY GRACE SULLIVAN,** *Official Capacities and Individual Capacities*, **JOHN DOE #1,** *Official Capacities and Individual Capacities*, **and JANE DOE #1,** *Official Capacities and Individual Capacities*,

                              **Defendants.**

------------------------------------------------

**APPEARANCES:**                        **OF COUNSEL:**

**JEMAL ALBRITTON**
06-A-5348
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On June 1, 2022, *pro se* Plaintiff Jemal Albritton commenced this action in the Southern District of New York pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging that various individuals denied him parole in violation of his due process and equal protection rights, and denied him access to the courts. *See* Dkt. No. 2. The Southern District of New York subsequently severed Plaintiff's claims against Defendants Mary Grace Sullivan, John Doe #1, and Jane Doe #1, and transferred those claims to this Court. *See* Dkt. No. 10. Currently before the Court is Magistrate Judge Stewart's Report-Recommendation and Order recommending that this Court dismiss Plaintiff's complaint with prejudice. *See* Dkt. No. 14.

Plaintiff has not filed any objections to the Report-Recommendation and Order.  When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court does not discern any clear error in the Report-Recommendation and Order.  As Magistrate Judge Stewart stated, absolute immunity from suit is afforded to judges for actions taken in the performance of their duties, and this immunity "has been extended to court clerks and 'others who perform functions closely associated with the judicial process' when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar."  *Almonte v. Geraci*, No. 21-CV-6960, 2021 WL 4776268, *3 (S.D.N.Y. Oct. 8, 2021) (quotation and citations omitted), *appeal dismissed*, No. 21-2813 (2d Cir. May 18, 2022).  Here, Defendant Sullivan is the Deputy Chief

Clerk at the Albany Supreme and County Court, and Defendants John and Jane Doe are employees of the Clerk's Office. *See* Dkt. No. 2 at ¶¶ 8-9. Plaintiff alleges that Defendants entered into a conspiracy to "hamper and impair Plaintiff's access to the Courts" by (1) rejecting certain filings, *see id.* at ¶ 25; (2) "deliberately direct[ing]" that an order denying poor person's relief to Plaintiff be "forged" in order to "assist the State in not having to answer on the merits of Plaintiff's claims," *id.* at ¶ 26; and (3) improperly changing the judge the case was assigned to, *see id.* at ¶¶ 26-27. All of these allegations are based on discretionary acts performed by the Defendants in their official capacity as Court Clerks. *See Gross v. Rell*, 585 F.3d 72, 82 (2d Cir. 2009) (noting that judicial immunity may only "be overcome if the judge acts in the clear absence of all jurisdiction or if he is not acting in his judicial capacity"). Plaintiff's allegation of an intentional scheme to thwart his access to the courts is not sufficient to defeat judicial immunity. *See McCluskey v. Roberts*, No. 20-4018, 2022 WL 2046079, *5 (2d Cir. June 7, 2022) ("The judicial immunity doctrine 'protects judges from civil actions even when they perform judicial acts in excess of their authority, even when such acts are allegedly done maliciously or corruptly'") (quoting *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988)).

    The Court also agrees with Magistrate Judge Stewart that Plaintiff's claims should be dismissed with prejudice, because it does not appear that further amendment could overcome the defects in Plaintiff's claims. *See Hale v. Dearie*, No. 19-CV-1257, 2019 WL 1517087, *3 (E.D.N.Y. Apr. 8, 2019) ("[C]ourts need not afford plaintiffs an opportunity to amend where it is clear that any attempt to amend the complaint would be futile") (citing *Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013)) (other citation omitted).

    Accordingly, after carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 14) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 2) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 24, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge